IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBERT F. CLAYTON,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-07-162-RAW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Robert F. Clayton ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 1, 1971 and was 35 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a busboy, dishwasher, car detailer, and stocker. Claimant alleges an inability to work beginning October 15, 2001, due to a back injury and right leg impairment.

### Procedural History

On December 27, 2004, Claimant filed for Supplemental Security

Income under Title XVI of the Social Security Act (42 U.S.C. § 1381, et seq.). Claimant's application was denied initially and upon reconsideration. On August 21, 2005, a hearing was held before ALJ John Volz in Tulsa, Oklahoma. By decision dated October 11, 2006, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On April 20, 2007, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work existing in a significant number of jobs in the national economy. The ALJ applied the Medical-Vocational Guidelines ("grids") in his determination.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) applying the grids to Claimant's case; (2) failing to perform a proper credibility analysis; and (3) failing to properly develop the record.

**Application of the Grids and Claimant's Credibility on Pain**

Claimant contends the ALJ improperly applied the grids in reaching his decision of non-disability. Claimant argues that the ALJ improperly rejected his subjective claims of pain. As a result, this Court will consider Claimant's first two allegations of error together.

Claimant suffered a lumbar strain on the job in 2000. (Tr. 121). Thereafter, he was struck by a vehicle which affected his right leg. Id. With the on the job injury, Claimant was diagnosed with a lumbar strain. (Tr. 121). When he was struck by the vehicle, he was diagnosed with a right hip and lumbosacral sprain. (Tr. 98). X-rays of the hips, femur, knee and ankle revealed no fractures or dislocations. (Tr. 98-99). No evidence of acute fracture or dislocation was seen in the pelvis or cervical spine. The alignment of the cervical spine was satisfactory. The lamina and the posterior elements were intact. The limbus vertebra was present along the anterior-inferior aspect of C5 vertebral body. (Tr. 100).

On February 23, 2006, Claimant was attended by Dr. Hubert H. Watty in the Agape Family Practice located in Muskogee, Oklahoma, complaining of back pain and "trying to get disability." He found Claimant was not in acute distress, was supple with full range of motion with no tenderness. Claimant was tender in the lower lumbar area ranging from L1 to L5 with paraspinous muscle tenderness on

5

the right greater than the left. Dr. Watty noted no step-up sign over the vertebra. Claimant had positive straight leg raise bilaterally, with 5/5 motor strength in both upper and lower extremities, good extension, flexion at the hip, knee and ankle area, and good abduction and adduction of his lower extremities. Claimant had good sensation down both lower extremities. (Tr. 111). Dr. Watty diagnosed Claimant with chronic back pain history with acute exacerbation. He was noted as being moderately tender in the lower lumbar area with paraspinous muscle tenderness. (Tr. 112). Dr. Watty advised Claimant he needed to contact Medicaid or Sooner Care for insurance coverage in order to obtain further diagnostic testing. Id.

On May 23, 2006, Claimant was again seen by Dr. Watty for a follow-up on his back pain. Dr. Watty found Claimant's pain had not worsened. Claimant did not present with any focal, neurological or sensory deficit. Dr. Watty noted Claimant was "in no acute distress." He found Claimant to be supple with a full range of motion and not tender. Dr. Watty noted slight spasms. Claimant had a straight leg raise to about 120 degrees on both lower extremities. Dr. Watty found no pain reproducible with axial pressure, no acute reproducible pain in the lumbar area with leg extension with resistence. Claimant had good sensation down both lower extremities with 2+ deep tendon reflexes throughout. Dr. Watty noted Claimant "seems to have slight gingerly gait in the

office." Dr. Watty found Claimant suffered from chronic lower back pain, not worsened but Claimant reported daily discomfort and pain. He was prescribed Lortab and advised to see a physical therapist. (Tr. 107-108).

On February 19, 2005, Claimant was examined by Dr. Ravinder R. Kurella, a consultative DDS physician. Dr. Kurella found Claimant had a full range of motion in his back, bilateral hip, knee joints, shoulder, elbow and wrist joints. He noted Claimant's gait was normal and both heel walking and toe walking were normal. Straight leg raising test was negative for both sitting and lying down. Dorsiflexion of the great toe and dorsi-inversion of the foot were normal on both sides. (Tr. 93).

On October 11, 2005, Claimant went to the Neighbor for Neighbor clinic. He was diagnosed with sciatica and prescribed medication and rest. Claimant made another appointment with this clinic in March of 2006 but failed to appear.

In his decision, the ALJ determined that Claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that Claimant's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible. He concluded Claimant sought a medical opinion only to satisfy the requirements of Social Security. The ALJ found Claimant had not obtained consistent treatment of his lumbar strain and that medical documentation did not support

7

Claimant's alleged degree of impairment from the injury to his leg and hip. Claimant testified his pain was lessened with medication and his use of a cane is of significant benefit. (Tr. 20).

The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Claimant asserts his pain is a non-exertional impairment which precludes the use of the grids. "[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant. Id.

The finding of the ALJ that Claimant's subjective severe pain complaints were not credible is supported by the record. Further, the findings that Claimant suffered from no nonexertional impairment serious enough to limit the range of jobs available to him was supported by substantial evidence. Thus, the ALJ properly

8

relied on the medical-vocational guidelines to demonstrate the existence of substantial gainful work in which Claimant could engage. *See*, Castellano v. Sec. of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir. 1994)("reliance on the grids was not error as the ALJ found plaintiff's testimony regarding his pain not fully credible").

Claimant contends the ALJ failed to consider evidence which did not support his conclusions, such as limitations on straight leg raising. The ALJ noted Claimant's straight leg testing - he simply drew a different conclusion than Claimant concerning the debilitating nature of the limitation from the testing. Further, Claimant raises the issue of his inability to financially pay for treatment in the briefing. While it is true that Claimant's financial limitations are noted in the medical records, it is equally true that Claimant sought free or low cost treatment and failed to keep a follow-up appointment with that same clinic. Claimant has not demonstrated that he was denied treatment which he actively sought due to financial constraints.

Finally, while the ALJ's statement regarding the motivation for Claimant's seeking medical care was ill-advised, it has no bearing upon the propriety of his credibility determination or application of the grids. The ALJ's decision does not reflect that the medical opinions obtained by Claimant were rejected or not considered upon this basis.

## Duty to Develop the Record

Claimant contends the ALJ failed to develop the medical record by not obtaining the records of Dr. Kenneth Trinidad and Health South Rehabilitation identified by Claimant on his disability report. Claimant states on this form that he was last treated in 2001 by these entities. (Tr. 55). Claimant also suggests in the briefing that the "{i]nconclusiveness of the evidence, the need for special expertise, and the need to resolve the conflict about the severity of Claimant's short leg and assymmetrical leg circumference are reasons for a consultative examination."

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a

10

claimant is represented by counsel.  Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993).  The court, however, is not required to act as a claimant's advocate.  Henrie, 13 F.3d at 361.  Further, in cases where the claimant was represented by counsel at the hearing before the ALJ, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," and the ALJ "may ordinarily require counsel to identify the issue or issues requiring further development."  Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997); *See also*, Maes v. Astrue, 522 F.3d 1093, 1096-97 (10th Cir. 2008).

At the hearing, Claimant's counsel expressed the need for a consultative neurological examination due to a noted difference in the length of Claimant's legs and their circumference in the record.  The ALJ denied the request based upon the medical records' indication that Claimant suffered from no neurological deficit.  (Tr. 126-128).  Claimant's attorney did not state that the record was incomplete by the failure to include the records of either Dr. Trinidad or Health South.  The ALJ was entitled to rely upon the attorney's arguments in determining the completeness of the record.  The record of later treatment was sufficient for the ALJ to determine the nature and extent of Claimant's impairments and their

effect upon his ability to work. Further, the failure to order a consultative examination by a neurologist was not error given that the record did not indicate a neurological problem.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given ten (10) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of July, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE